FILED

10 JUL -6 AM 8:30

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COACH SERVICES, INC.,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>CHEAP SUNGLASSES aka CHEAP 80s SUNGLASSES, an unknown business entity; THERES CROSBY aka TERRY CROSBY, an individual;<br><br>　　　　　　　　Defendants. | CASE NO. 09CV1059 BEN (JMA)<br><br>**ORDER GRANTING DEFAULT JUDGMENT AGAINST DEFENDANTS CHEAP SUNGLASSES AND THERESE CROSBY** |

## INTRODUCTION

Plaintiff Coach Services, Inc. moves for default judgment against Defendants Cheap Sunglasses and Therese Crosby, seeking $10,000 in statutory damages, a permanent injunction against future infringing conduct, and costs. Dkt. No. 8. Coach brought this action for trademark infringement and related claims associated with the purchase and sale of goods bearing counterfeit reproductions of the Coach trademarks. Dkt. No. 1. For the reasons set forth below, the Court **GRANTS** Coach's motion.

///

///

## BACKGROUND

Coach manufactures and sells a variety of products, including handbags, travel cases, watches, eye wear, and apparel. Compl. ¶ 10. Coach owns the Coach trademarks, assorted design components, and the goodwill associated with the Coach trademarks. Compl. ¶¶ 11-13, 15. The trademarks are valuable because they are affiliated with billions of dollars in sales volume and more than a hundred million dollars have been expended in advertising and marketing associated with the trademarks. Compl. ¶¶ 15-16.

Coach alleges that Defendants were importing, distributing, advertising, and selling eye wear bearing counterfeit reproductions of the Coach CC Design through a website. Compl. ¶¶ 20, 26. The goods bearing the Coach trademarks were counterfeit and Coach did not authorize the use of its trademarks. Compl. ¶ 21. The Defendants' unauthorized use of these marks is likely to cause confusion or mistake or to deceive customers. Compl. ¶¶ 28-29. As a result, Coach filed this action against Defendants on May 15, 2009.

Defendants were served on May 27, 2009, but failed to file an answer or otherwise respond. Dkt. Nos. 4-5. On July 10, 2009, the Clerk entered default against Therese Crosby and Cheap Sunglasses based on their failure to Answer or otherwise respond to the Complaint. Dkt. No. 7.

## DISCUSSION

I.  **Default Judgment**

Once default has been entered by the clerk, it is within the district court's discretion to grant default judgment against that party. FED. R. CIV. PROC. 55(b)(2); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). When considering default judgment, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) (citations omitted); *see also* FED. R. CIV. P. 8(b)(6) ("[a]n allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied").

///

///

///

The Court may consider the factors articulated in *Eitel v. McCool* when determining whether to grant default judgment: "(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy . . . favoring decisions on the merits." 782 F.2d at 1471-72.

All the *Eitel* factors weigh in favor of granting default judgment. To prevail on its trademark infringement claim, Coach must prove that, without its consent, Defendants used in commerce a reproduction or copy of Coach's registered trademark in connection with the sale or advertising of any goods or services, and that such use is likely to cause confusion, mistake, or deceive customers. 15 U.S.C. § 1114(a)(1); *Brookfield Commc'n v. West Coast Entm't*, 174 F.3d 1036, 1046-47 (9th Cir. 1999). As outlined above, Coach has alleged all the necessary elements for a cause of action for trademark infringement. Taking these allegations to be true, as the Court must, the Complaint supports Coach's claim for trademark infringement under the Lanham Act. Further, because Coach has sufficiently plead the claims asserted and provided the Court evidence of counterfeit sunglasses purchased from Defendants' website with the Coach mark, dispute as to material facts is unlikely. *Phillip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003).

Additionally, Coach will be prejudiced if default judgment is not entered because, if the Court denies the motion, Coach has no other means to recover from Defendants for Defendants' infringing conduct. There is nothing before the Court that would suggest the lack of response from Defendants was the result of excusable neglect. The sum of money at stake is not significant when the Court considers it in relation to Defendants conduct. *See Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). And finally, while there is a strong policy favoring disposition on the merits, that option is not available where, as here, a defendant has failed to appear. *Id.* at 1177. Because all of the *Eitel* factors weigh in favor of granting default judgment the Court **GRANTS** Coach's motion for default judgment against Defendants.

///

///

///

## II. Damages

Coach seeks $10,000 in statutory damages under § 15 U.S.C. § 1117(c) and a permanent injunction, enjoining Defendants from use of Coach's trademarks.[1] Section 1117(c)(1) provides for statutory damages between $1,000 and $200,000 "per counterfeit mark per type of goods or services sold, offered for sale, or distributed." Damages may be enhanced up to $2,000,000 "per counterfeit mark per type of goods or services sold, offered for sale, or distributed" if the Court finds the use willful. § 15 U.S.C. § 1117(c)(2).

Coach seeks $10,000 in statutory damages in order to deter Defendants and those similarly situated from selling, offering for sale, or distributing products bearing counterfeit reproductions of Coach's trademarks. *Phillip Morris*, 219 F.R.D. at 501 (finding deterrence important in awarding statutory damages). Coach has established that Defendants have attempted to sell at least one type of product with a counterfeit mark – sunglasses. Additionally, Coach has established the conduct was willful. A pair of sunglasses with Coach's trademark displayed on all sides was described as "Designer Inspired" on the web page. Chan Decl. ¶ 10, Ex. 3, 5. Based on the foregoing, the Court awards $6,000 under § 1117(c) for the violation and grants Coach's request for a permanent injunction enjoining Defendants from using Coach trademarks in connection with the sale and offer for sale of infringing products. 15 U.S.C. § 1116 (authorizing courts to grant injunctions to "prevent the violation of any right of the registrant"); *Pepsico*, 238 F. Supp. 2d at 1177.

## III. Costs

Coach also request costs under 15 U.S.C. § 1117(a) which authorizes recovery of the costs of an action for the violation of any right of the registrant of a mark. Coach is entitled to costs of this action. *See Lindy Pen Co. V. Bic Pen Corp.*, 982 F.2d 1400, 1405 (9th Cir. 1993). Coach may submit its Bill of Costs in accordance with Civil Local Rule 54.1.

///

///

///

---

[1] Coach is seeking statutory, rather than actual damages, because Coach has insufficient information to determine the exact amount of Defendants' profits or amount of counterfeit clothing actually sold by them as a result of Defendants' failure to respond in this litigation.

## CONCLUSION

Coach's motion for default judgment against Defendants Cheap Sunglasses and Therese Crosby is **GRANTED**. Judgment is entered in favor of Coach against Cheap Sunglasses and Therese Crosby to be jointly and severally liable in the amount of $6,000 and costs as determined under Local Civil Rule 54.1.

It is further ordered that Defendants, their officers, agents, servants, and employees and any person in active concert or participation with them are enjoined from the following:

    a.    using Coach's Coach Marks or any reproduction, counterfeit, copy or colorable imitation of Coach's Coach Marks in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise comprising not the genuine products of Coach;

    b.    passing off, inducing or enabling others to sell or pass off any apparel or other items that are not Coach's genuine merchandise as;

    c.    committing any other acts calculated to cause others to believe that Defendants' counterfeit products are connected with Coach and/or Coach's genuine merchandise; and

    d.    shipping, delivering, holding for sale, distributing, transferring in any manner items falsely bearing Coach's Coach Marks, or any reproduction, counterfeit, copy or colorable imitation of same.

**IT IS SO ORDERED.**

DATED: July _1_, 2010

_____
Hon. Roger T. Benitez
United States District Court Judge